

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-17-00212-CR

---

KENDRIC RENELL BRACKEN, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 17-0237X

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

Kendric Renell Braken entered an open plea of guilty to the offense of aggravated robbery.[1] A jury assessed, and the trial court imposed, a sentence of twenty years' imprisonment. Bracken appeals.

Bracken's attorney on appeal has filed a brief which states that he reviewed the record and found no genuinely arguable issues that could be raised. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial proceedings. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

By letter dated April 9, 2018, counsel mailed Bracken copies of the brief and the motion to withdraw together with a motion for pro se access to the appellate record lacking only Bracken's signature. Bracken was informed of his right to review the record and file a pro se response. By letter dated April 9, 2018, this Court notified Bracken that a pro se motion for access to the record was due on or before May 9, 2018. On May 23, 2018, this Court informed Bracken that it had not received any pro se motion for access to the appellate record and that any pro se response was due on or before June 22, 2018. On June 28, 2018, this Court further informed Bracken that the case

---

[1]*See* TEX. PENAL CODE ANN. § 29.03 (West 2011).

was set for submission on July 19, 2018.  We received neither a pro se response from Bracken nor a motion requesting an extension of time in which to file such a response.

We have independently reviewed the entire appellate record and find that no reversible error exists.  We do note, however, that the trial court's judgment in this case mistakenly indicates that the conviction was made by the jury.  This Court has the authority to modify the judgment to make the record speak the truth when the matter has been called to our attention by any source. *See French v. State*, 830 S.W.2d 607 (Tex. Crim. App. 1992).  Our authority to modify incorrect judgments is not dependent on the request of any party; we may act sua sponte.  *See* TEX. R. APP. P. 43.2; *Asberry v. State*, 813 S.W.2d 526 (Tex. App.—Dallas 1991, pet. ref'd).  Thus, we must modify the judgment to reflect that Bracken was convicted by the trial court pursuant to his plea of guilt.

We modify the trial court's judgment to reflect that Bracken was convicted by the trial court (not the jury) and affirm the trial court's judgment, as modified.[2]

Bailey C. Moseley
Justice

Date Submitted:    July 19, 2018
Date Decided:     July 20, 2018

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accord with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case.  *See Anders*, 386 U.S. at 744.  No substitute counsel will be appointed.  Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.